[S. F. No. 1336. In Bank.—March 2, 1900.]

In the Matter of the Estate of AMASA P. WILLEY, Deceased. EDWIN WALLACE CARPENTER and WILLIAM BOERICKE, Appellants, v. ELISHA V. S. COOK, Respondent.

128 1
f132 623
132 626

128 1
136 603

128 1
e138 555

128 1
e143 540

WILL—REFERENCE TO TRUST DEED—ATTESTATION—PROBATE.—A specific and certain reference in a will to a trust deed executed by the testator to the person named in the will as his executors, to whom he devised all of his property in trust for the uses and purposes set forth and declared in the deed of trust, does not make it requisite for a proper attestation of the will that the deed of trust should be present and exhibited to the witnesses; nor is it necessary that the deed should be presented to the probate court and formally and expressly certified as probated.

ID.—TRUST IN FEE—INTEREST OF TRUSTEES.—A deed of trust vests the fee in the trustees, subject only to the declared trusts and the execution thereof.

ID.—LIFE INTEREST OF GRANTOR—POWER OF REVOCATION—TRUST AS TO RESIDUE—EFFECT OF TRUST DEED.—A deed of trust declaring a trust in favor of the grantor for life, reserving to him a power of revocation and modification of its provisions, and of direction to sell and convey any part of the property, and providing that, after his death, the residue and remainder of the property should be held in trust to receive the income and distribute it to certain named beneficiaries, leaves only the equivalent of a life estate in the grantor, and not a fee simple, and is not objectionable as limiting a fee or an executory devise or springing use upon a fee. The power of revocation does not prevent the vesting of the estate in the trustees, and, if not exercised, has no effect upon the estate granted.

CXXVIII. CAL.—1          (1)

ID.—PERPETUITY—CARE OF CEMETERY LOT—INDEPENDENT PROVISION.—
The invalidity of an incidental, single, and independent provision in the trust deed for setting aside a fund to be used perpetually in providing for the care of the cemetery lot of the grantor, does not vitiate other valid trusts which are in no wise dependent upon that provision for their validity, and which can be carried into execution if that provision were stricken from the deed.

ID.—CONSTRUCTION OF TRUSTS—MAXIM.—The maxim, *Ut res magis valeat quam pereat*, is to be applied in the construction of trusts, whether created by will or by deed; and valid trusts should not be disregarded by reason of a particular invalid trust, unless the latter is so inseparably blended with the others that it cannot be eliminated without destroying the main intent of the trustor, or working manifest injustice to other beneficiaries.

ID.—TRUSTS FOR CHARITABLE USES—CHARITABLE INSTITUTION.—A trust for charitable uses need not be made to a charitable institution; but it is sufficient if it be for a charitable purpose.

ID.—MASONIC BODIES — USE OF "WIDOWS' AND ORPHANS' FUND."—
Provisions in a deed of trust for the payment of certain sums to various Masonic bodies named, "for the use of the widows' and orphans' fund" of each of them, is a compliance with the legal essence of a valid public charity for the benefit of uncertain individuals.

ID.—PRESUMPTION—APPLICATION OF FUNDS.—For the purpose of making the trust operative, it will be presumed that the trustees named will properly apply the funds devoted to charitable uses.

ID.—CHARITABLE DONATIONS FAVORED.—Charitable donations are looked upon with favor by the courts, and will be carried into effect, if they can possibly be made good, consistently with the rules of law.

ID.—LIMITATION OF AMOUNT — PRO RATA REDUCTION — QUESTION NOT RAISED—ASSAULT UPON TRUST.—Under section 1313 of the Civil Code, the only effect of the limitation of the amount of charitable bequests to one-third of the testator's estate is that, in case of a greater amount, there is to be a *pro rata* reduction; but the question of such reduction is not raised where the record does not present it, and the question to be determined is whether an assault upon the validity of the entire trust made by the grantee of an heir upon petition for partial distribution of the estate, should be sustained.

ID.—PARTIAL DISTRIBUTION OF ESTATE—UNDIVIDED INTEREST OF TRUSTEES — SEGREGATION — POWER OF COURT.—If a trust for charitable purposes is valid as to one-third of the property, the court has no power in a decree of partial distribution to an heir to segregate the undivided interest of the trustees in all of the property, and to set off the land in severalty to other claimants of the estate.

APPEAL from an order of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person.    J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

E. B. & George H. Mastick, for Appellants.

The validity of the trust is shown in our brief in the case of *Carpenter v. Cook*, S. F. No. 1234, to which reference is made. The reference to the deed of trust in the will made it part of the will for purposes of construction (*Estate of Soher*, 78 Cal. 477, 481; *Habergham v. Vincent*, 2 Ves. Jr. 204, 228; *Allen v. Maddock*, 11 Moore P. C. 426; *Newton v. Seaman's Friend Soc.*, 130 Mass. 91; 39 Am. Rep. 433; *Fesler v. Simpson*, 58 Ind. 83; *Gerrish v. Gerrish*, 8 Or. 351; 34 Am. Rep. 585; *Tonnele v. Hall*, 4 N. Y. 140; *Brown v. Clark*, 77 N. Y. 369, 377; *Baker's Appeal*, 107 Pa. St. 381, 389; 52 Am. Rep. 478; *Martin v. Hamlin*, 4 Strob. 188; 53 Am. Dec. 673; *Loring v. Sumner*, 23 Pick. 98, 102; *Fickle v. Snepp*, 97 Ind. 289; 49 Am. Rep. 449); but not for purposes of attestation of the will (*Estate of Soher, supra;* 1 Jarman on Wills, 6th Am. ed., *98; *Martin v. Hamlin, supra*), nor for the purpose of requiring that the deed should be probated as part of the will.  (*Bizzey v. Flight*, L. R. 3 Ch. Div. 269, 273; *Quihampton v. Going*, 24 Week. Rep. 917; *Newton v. Seaman's Friend Soc., supra; Hall v. Hill*, 6 La. Ann. 745, 750; *Tuttle v. Berryman*, 94 Ky. 553; *Gerrish v. Gerrish, supra; Wilbur v. Smith*, 5 Allen, 194; 1 Jarman on Wills, 6th Am. ed., *101; 1 Williams on Executors, 7th Am. ed., *87, note 32; 1 Redfield on Wills, 4th ed., *264.)  It is true that papers not in existence at the date of the will cannot be incorporated therein by reference (*Phelps v. Robbins*, 40 Conn. 250; *Thayer v. Wellington*, 9 Allen, 283, 292; 85 Am. Dec. 753; *Langdon v. Astor*, 16 N. Y. 9); but the deed of trust in this case was in existence at the date of the will.   The donations for the use of the widows, and orphans' fund of the Masonic lodges specified constitute a public charity, which must be sustained.  (*Estate of Hinckley*, 58 Cal. 457, 513; *Colton v. Colton*, 127 U. S. 300; *Paschal v. Acklin*, 27 Tex. 174, 198; *Guilfoil v. Arthur*, 158 Ill. 600; *Witman v. Lex*, 17 Serg. & R. 88; 17 Am. Dec. 644; *Attorney General v. Old South Soc.*, 13

Allen, 474; *Wright v. Linn*, 9 Pa. St. 433, 438; *Bird v. Merklee*, 144 N. Y. 544; *Duke v. Fuller*, 9 N. H. 536; 32 Am. Dec. 392; *Heiskell v. Chickasaw Lodge*, 87 Tenn. 668; *Indianapolis v. Grand Master*, 25 Ind. 518, 522; *King v. Parker*, 9 Cush. 71; *Preachers' Aid Soc. v. England*, 106 Ill. 125.) It is not made to appear in the record that more than one-third of the estate was devised in aid of these charities. The trustees have at least an undivided interest in one-third of the property for the benefit of these charities. (*Estate of Hinckley, supra.*) Courts lean in favor of the preservation of all the valid parts of a will or trust which can be separated from the invalid parts. (*Savage v. Burnham*, 17 N. Y. 561, 576; *Harrison v. Harrison*, 36 N. Y. 543, 547; *Roberts v. Carey*, 84 Hun, 328, 336.)

Charles W. Slack, John H. Durst, and Timothy J. Lyons, for Respondents.

The trust creating a perpetuity for the care of a private burial lot is void. (Const., art. XX, sec. 9; *Kelly v. Nichols*, 17 R. I. 306, 317-19; 18 R. I. 62; *Piper v. Moulton*, 72 Me. 155; *Coit v. Comstock*, 51 Conn. 352, 386; 50 Am. Rep. 29; *Fite v. Beasley*, 12 Lea, 328, 334; *Johnson v. Holifield*, 79 Ala. 423; 58 Am. Rep. 596; *Johnson v. Robinson*, 79 Ala. 419; *Bates v. Bates*, 134 Mass. 110; 45 Am. Rep. 305; *Knox v. Knox*, 9 W. Va. 124; *Needles v. Martin*, 33 Md. 609; *Trustees v. Gifford*, 5 Pa. Co. Ct. 92; *Matter of Fisher*, 2 Connolly (N. Y. Surr.), 75; *Jones v. Habersham*, 107 U.S. 173, 183.) This provision, being for a fund to be taken from the income, is inseparably connected with the disposition of the income, and renders the entire disposition invalid. (*Darling v. Rogers*, 22 Wend. 483, 495; *Kennedy v. Hoy*, 105 N. Y. 134, 137; *Tilden v. Green*, 130 N. Y. 29, 50-52; 27 Am. St. Rep. 487; *Wheelock v. American Tract Soc.*, 109 Mich. 141, 144, 145; 63 Am. St. Rep. 578; *Holmes v. Mead*, 52 N. Y. 332; *Coit v. Comstock, supra; Kelly v. Nichols, supra; Beekman v. Bonsor*, 23 N. Y. 298, 313, 314; 80 Am. Dec. 269; 5 Am. & Eng. Ency. of Law, 915.) The court cannot assume to make a will for the testator. (*Estate of Walkerly*, 108 Cal. 627, 638; 49 Am. St. Rep. 97.)

Timothy J. Lyons, for E. S. Cook, Respondent.

An unauthenticated paper cannot be taken as part of an authenticated will. (*Booth v. Baptist Church*, 126 N. Y. 215; *In re O'Neill's Will*, 91 N. Y. 516; 19 Am. & Eng. Ency. of Law, 176; 1 Perry on Trusts, 2d ed., secs. 92, 93; 1 Jarman on Wills, *93, note i; *In re Sanderson's Will*, 30 N. Y. Supp. 848; *Van Wert v. Benedict*, 1 Bradf. 119; *Thompson v. Quimby*, 2 Bradf. 409; *Langdon v. Astor*, 16 N. Y. 9, 26; *Lawrence v. Lindsey*, 68 N. Y. 108, 114; *Thayer v. Wellington*, 9 Allen, 283; 85 Am. Dec. 753; *Newton v. Seaman's Friend Soc.*, 130 Mass. 91; 39 Am. Rep. 433; *Phelps v. Robbins*, 40 Conn. 250; *In re Miles*, 68 Conn. 237; *Goods of Pewtner*, 4 Not. Cas. 479; *Goods of Countess of Limerick*, 2 Rob. Ecc. 313; *Goods of Durham*, 3 Cart. 57; *Goods of Dicken*, 3 Cart. 60; *Adsil's Estate*, Myrick's Prob. 266, 268.)

THE COURT.—The following opinion (prepared by McFarland, J.) was rendered by Department Two in the above-entitled cause. It is now adopted as the decision of the court in Bank:

"This is an appeal by Edwin Wallace Carpenter and William Boericke from an order of partial distribution to Elisha V. S. Cook, made December 17, 1897.

"Amasa P. Willey, deceased, made in his lifetime a certain deed of trust to the appellants, Carpenter and Boericke, dated October 27, 1892, and executed and delivered on the next day. Three days afterward, on October 31, 1892, he made a will, which was properly declared and attested and in every way duly executed. The will is very brief, and the important part of it is as follows:

" 'I give, devise, and bequeath all the property, real and personal, of what kind and nature soever and wheresoever situated, of which I may die seised or possessed, or to which at the time of my death I may be entitled, or in or to which at said time I may have any interest, whether in possession, reversion, remainder, or expectancy, to Edwin Wallace Carpenter and William Boericke, in trust, however, for the uses and purposes set forth and declared in that certain deed of trust bearing date the twenty-seventh day of October, 1892, made and executed by me to the said Edwin Wallace Carpenter and William Boericke.'

"Carpenter and Boericke are made executors of the will without bonds, and given power to sell any of the property of the es-

tate, etc. They presented the will for probate on the twenty-seventh day of February, 1893; and such proceedings were had that the will was regularly admitted to probate by the superior court on the thirteenth day of March, 1893, and on the 16th of March, 1893, letters testamentary were duly issued to Carpenter and Boericke, who qualified and have ever since been, and now are, the executors of said will. About four years afterward, to wit, on February 26, 1897, Elisha V. S. Cook filed a petition for the partial distribution to him as grantee of Charles Walter Willey, the son and only heir at law of the deceased, of certain lands of the estate, which seem to be all the lands belonging to said estate and are the lands mentioned in the said deed of trust dated October 27, 1892, hereinbefore mentioned. The appellants, Carpenter and Boericke, filed a written opposition to the application for distribution, upon the grounds: 1. That said lands were not the property of the estate, but were the property of appellants, conveyed to them by the said deed of trust; and 2. That if the property or any part thereof was the property of the estate, it had been devised to them by the terms of the last will of said decedent. The court granted the application for a distribution. It made certain findings, from which we gather that it held the will void for uncertainty; and this finding seems to have been based upon the propositions that when the will was executed the deed of trust to which it refers was not present and therefore not attested by the witnesses, and that when the will was probated the said deed of trust was not presented to the probate court and was not therefore probated; and that therefore nothing can be considered except the words actually contained in the document which was witnessed and probated as a will, and that, as so considered, it is too indefinite and uncertain to pass any rights. We also understand, however, that the decision also went upon the theory that, if the trust deed can be considered as a part of the will, it is void for the reasons stated by counsel for respondent hereinafter noticed.

"The validity of the will and the deed of trust is assailed by the respondent from a great many standpoints. The briefs of respondents filed in the present case consist of several hundred pages of printed matter; and, in addition, they refer to their

briefs· in an associated case, now pending in this court, of *Carpenter v. Cook,* No. 1234, which briefs include several hundred pages more. A great many points are made and innumerable authorities cited; and to follow the argument in detail and notice any considerable number of the authorities cited would extend this opinion to an intolerable length. We must content ourselves, therefore, with briefly stating our conclusions as to the material questions in the case. Case No. 1234, above alluded to, is an action brought by the appellants herein, Carpenter and Boericke, against the respondent herein, Cook, and Willey, the heir at law, to quiet the title of the plaintiffs therein to the lands covered by the decree of distribution in the case at bar; and in that case the plaintiffs rely upon title derived through the said deed of trust. In the case at bar, the court further decided that the land involved here 'was not conveyed, nor any part of it by the said Amasa P. Willey by his certain deed, or any deed, bearing date the twenty-seventh day of October, 1894,' but this part of the decision, so far as it refers to the deed of trust as unconnected with the will and as establishing an adverse title of the appellants as against the estate, was beyond the jurisdiction of the court. The court had jurisdiction to determine to whom, as heirs or devisees under the will, the estate went, but not to determine an adverse and hostile claim. It is apparent, however, that the ultimate rights of these litigants must depend upon the validity of the deed of trust; and, therefore, many points made by respondents on this present appeal touching probate matters alone are only of temporary importance.

"We think that it was legitimate for the testator to refer in his will to the deed of trust, and that it was not necessary for a proper attestation of the will that the deed should have been present and exhibited to the witnesses. We are of opinion, also, that it was not necessary, in order to consider the deed in connection with the written instrument executed and witnessed, that the deed itself should have been presented to the probate court and formally and expressly certified as probated. Many authorities have been cited to these points, and some of them are conflicting. We think that the correct rule, as to both questions, is stated in 1 Redfield on the Law of Wills,

page *264, as follows: 'The effect of a reference, in a duly executed will, to an extraneous paper, in incorporating that paper into the will, so as to make it, *ipso facto,* a portion of the will itself, is a highly important point to be borne in mind in determining all questions connected with the mode of procedure, in the probate of the will, under such circumstances. The cases already referred to show very clearly that a will required to be witnessed by two or more persons, or executed with any other prescribed formalities, may, nevertheless, adopt an existing paper by reference. And this is true of others, soon to be referred to, many of which were decided during the existence of statutes requiring such formalities, so that we cannot escape from the force of these cases by supposing they had reference, exclusively, to wills of personal estate, where no particular formalities were required under the earlier English statutes. This "incorporation" of the paper referred to into the will so makes it a part of the instrument that no distinct proof of the paper is required, or even filing, in the probate court. The proof of the will sets up and establishes the paper, as a portion of itself, by proof of the reference to the consequent incorporation.' The same principle is announced in 1 Jarman on Wills, sixth edition, page 130, paragraph XIV. The principle is also substantially declared in the case of *In re Soher,* 78 Cal. 481. Of course, the reference must be certain, and to an instrument then in existence.

"As to the validity of the trust deed, considered as part of the will, it is to be observed that a will or deed, solemnly executed, which disposes of one's property, is not to be lightly disregarded or held for naught; and the main intention of the testator or grantor must be carried out, notwithstanding a defect in some particular, where that can be done without the clear violation of some established principle.

"The first attack made by respondent upon the deed relates to the first trust declared. By the deed the grantor first does 'grant, bargain, alien, remise, release, convey,' etc., certain parcels of real property, being the same as those included in the decree of distribution, to the respondent herein, upon certain trusts. By the said first declared trust it is provided that the trustees are to hold the property and all its rents, profits, etc.,

for the benefit of the grantor during his lifetime, and to sell, convey, etc., any part of the property to such person or persons as the grantor shall direct; and it is also provided in another part of the deed that the grantor 'reserves the right at any time to revoke this trust or any of the provisions therein contained,' or to modify it, the revocation or modification to be made by a deed recorded by him in the recorder's office in San Francisco.

"The second declaration of trust provides that after the death of the grantor the trustees are to hold the 'residue and remainder' of the property, and to receive the income and distribute it to certain named beneficiaries. Now it is contended that the first declared trust makes all the subsequent ones invalid, upon the common-law principle that a remainder cannot be limited on a fee simple. It is contended in some parts of respondent's various briefs that by the first declared trust a fee simple was created—or rather left—in the grantor, and therefore there was no remainder or residue to be disposed of; and in other parts of the arguments it is contended that there was vested in the trustees two fees: '1. A fee to serve the purposes of the trust during Willey's lifetime; and 2. A fee by way of executory devise, or, more properly speaking, a springing use (being by deed) to serve the trust after Willey's death.' Many of the intricacies which attended the creation of estates at common law have been swept away by our codes (Civ. Code, secs. 772, 773, et seq.); and we are not able to see the effectiveness of respondent's assaults on the deed from the standpoint of the objections now being considered. The deed vested the fee in the trustees, subject only to the declared trust. The reserved right to revoke was a mere privilege, and, as it was never exercised, it had no effect upon the estate granted. 'Except as hereinafter provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust.' (Civ. Code, sec. 863.) Section 2280 expressly provides that a trust may be revoked if the declaration of trust reserves a power of revocation; and to hold that a power of revocation prevents the vesting of an estate in the trustee would be to throw statutory provisions on the subject into utter confusion. There was, at farthest,

nothing more left in the grantor than the equivalent of a life estate; and we think that the contentions of the respondent on this point are fully answered by the opinion of this court rendered by Mr. Justice Henshaw in *Nichols v. Emery*, 109 Cal. 323; 50 Am. St. Rep. 43.

"The main point of respondents—at least, the one most extensively argued and most strenuously insisted on—is that the tenth clause of the deed is void, because it creates a perpetuity which is not for eleemosynary purposes, and that, being for an unascertainable portion of the estate, and the other trusts being dependent on it, the whole fails. By prior parts of the deed, all the income of the property conveyed is given to the trustees. By the sixth and subsequent clauses of the deed, prior to the tenth clause, it is provided that the trustees, out of the income and profits of the property, shall 'pay annually' certain specified sums to various beneficiaries, many of them being private individuals, to whom bequests are given for their own benefit during their lives, and others being certain persons and associations to whom bequests are given for charitable purposes. By clause 8 it is provided that, if the income of the property in any one year shall exceed or be less than the total amounts directed to be paid annually to the beneficiaries, the amount to be paid each 'shall be increased or diminished in proportion to the amount so directed to be paid to them respectively.' Then comes the tenth clause, which is as follows: '10. The said trustees shall, at all times before making any payments of income under this trust, set aside and retain the sum of twenty-five dollars in each year, and any further sum that may be necessary, to provide for the care and preservation of the cemetery lot of the party of the first part in the Masonic Cemetery in San Francisco.' We will assume for the purposes of the case that this trust being for the preservation of a single cemetery lot is not for a charity, and therefore invalid; but we do not agree with respondents that this vitiates all or any of the other declared trusts. Counsel for respondents repeatedly speak of this tenth clause as establishing 'the primary trust'; but we do not see that its relative position in the deed, or its magnitude or importance, or the whole deed construed together, or the evident main purpose of the trustor to be gleaned from the whole instrument, at all warrants the assertion that the trust declared

in the tenth clause should be considered as a primary trust; and it is not so interwoven with the entire deed that it cannot be easily separated from the other trusts so as not to invalidate the latter. The rule of construction involved here, as crystalized in section 1317 of the Civil Code, is that: 'A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible.' The principle which should govern courts in determining questions like the one now under review, whether they arise out of wills or deeds, is expressed by the maxim, *Ut res magis valeat quam pereat;* and, under the inspiration of that maxim, courts have firmly established the principle that valid trusts should not be disregarded because in the instrument creating them one particular invalid trust is declared, unless the latter is so inseparably blended with the others that it cannot be eliminated without destroying the main intent of the trustor, or working manifest injustice to other beneficiaries. Among the various authorities cited by appellant to this point, *Darling v. Rogers,* 22 Wend. 483, *Vanschuyver v. Mulford,* 59 N. Y. 432, *Kennedy v. Hoy,* 105 N. Y. 134, and *Kane v. Gott,* 24 Wend. 641, 35 Am. Dec. 641, may be mentioned as cases where the subject is fully discussed and the principle aptly stated. And the rule is naturally and justly applicable to the case at bar. By the clauses of the deed which precede the tenth, the trustees are to receive all the income of the property conveyed and to pay it annually to a large number of named beneficiaries; and, afterward, it is provided by the tenth clause that there shall be retained from the aggregate amount of the income and annuities twenty-five dollars, or as much more as may be necessary to care for the cemetery lot. It requires no strained view to see that this provision is incidental and subordinate to the main scheme, and is a mere charge upon the bequests or annuities; and that if the charge be invalid the beneficiaries take the bequests free of the invalid charge. The valid trusts can be easily carried into effect, after eliminating the tenth clause, without interfering with what were evidently the main purposes of the trustor, and without doing any injustice whatever to any one of the other beneficiaries. The reservation for the cemetery lot is in an independ-

ent and single clause; it appears in the instrument after clauses which dispose of the entire income; it is easily separable from all the other provisions of the instrument, and, therefore, its invalidity does not carry with it, or affect, the trusts which are valid.

"It is contended by respondents that the provisions for the payment of certain sums to Corinthian Lodge, Washington Chapter, and Marysville Commandery—all being Masonic bodies—are invalid, because they are not charitable bodies, and because they are not bound to use the bequests for charitable purposes. But, in the first place, it is not necessary to determine whether a Masonic body is or is not a charitable institution, for it is not necessary that a trustee for charitable purposes should be itself a charitable institution; it is sufficient if the bequest be for a charitable purpose. In each of the instances the bequest is made to the Masonic body 'for the use of the widows' and orphans' fund of said lodge,' or chapter, or commandery. This is a compliance with the legal essence of a valid charity—that is, that it is public, and is vague and uncertain as to the individuals to be benefited or relieved. It is not to be presumed that the Masonic bodies named will not, as trustees, use the trust funds for the purposes expressly declared by the trust; and, on the other hand, for the purpose of making the trust operative it will be presumed that the trustee will properly apply the funds. As was said in the *Estate of Hinckley*, 58 Cal. 457: 'Courts look with favor upon all attempted charitable donations, and will endeavor to carry them into effect, if it can be done consistently with the rules of law. A bequest intended as a charity is not void, and there is no authority to construe it to be legally void, if it can possibly be made good.'

"Counsel for respondents present the point that by the deed, construed as a part of the will, more than one-third of the estate of the testator is given for charitable purposes, in contravention of section 1313 of the Civil Code. With respect to this matter it may be said, in the first place, that it does not appear that more than one-third of the estate is thus given, for the amount of the annuities which go to charitable purposes is less than one-third of the whole income, so that at least for the

present the excess does not appear, and it is only by speculations leading into the distant future that the result alleged could be in any way arrived at. The point, however, does not arise at all on the record in this appeal. Under section 1313 the only consequences following charitable devises or bequests of more than one-third of a testator's estate are that 'in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one-third of such estate.' But in the case at bar the petition for distribution and the finding and decree of the court there is no reference whatever to any question that might arise under section 1313. It is alleged, and found and decreed—not that appellants are entitled to only one-third—but that they are not entitled to any part whatever of the estate. It is decided that all attempts to devise or convey any part of the property to appellants in trust are void; 'that no bequest or devise is made of any property or estate of the testator in or by said will, or any of its provisions, and no bequest or devise at all was or has been made by the aforesaid testator,' and that by the deed dated October 27, 1892, from the deceased to the appellants, 'the said real property was not conveyed, nor any part of it.' Moreover, upon the theory that appellants were entitled to one-third of the property, the court could not, in a decree of partial distribution, have segregated appellants' undivided interest in all the property and set off all the land in severalty to other claimants. But, as before stated, this was not attempted.

"The foregoing views make it unnecessary to discuss other points made by appellants, and we have endeavored, as far as possible, to consider those questions upon which the rights of the parties ultimately depend. We see no other points made by respondents which are necessary to be considered, except that it is proper to say that the trust deed was in evidence for the general purposes of the case, and that it was fully identified as the instrument referred to in the will. For the reasons above stated the decree of distribution was erroneous."

For the foregoing reasons the order of partial distribution appealed from is reversed.