## CARPENTER et al. v. COOK et al.

### S. F. No. 1234; March 3, 1900.

#### 60 Pac. 475.

**Trusts—Reservation of Power—Revocation by Will.**—Where a trust deed contained a reservation of power to revoke or modify the same by a deed of the grantor to be recorded in a certain city recorder's office, under Civil Code, section. 2280, providing that a power of revocation reserved in a trust should be strictly pursued, the trust could not be revoked by the grantor's will.

APPEAL from Superior Court, City and County of San Francisco.

Action by E. W. Carpenter and others against E. V. S. Cook and others. From a judgment in favor of defendants, plaintiffs appeal. Reversed, and judgment ordered for plaintiffs.

Mastick, Belcher & Mastick for appellants; T. J. Lyons for respondent Cook; John H. Durst for respondent Willey.

PER CURIAM.—This is an action to quiet title, plaintiffs resting their claims upon a deed of trust made to them by Amasa P. Willey, owner of the real estate at the time, and now deceased. The important question involved in this appeal relates to the construction and validity of various provisions of this trust deed. Those identical questions were also involved in the appeal before this court in Re Willey's Estate, 128 Cal. 1, 60 Pac. 471, and for the reasons there given the various trust provisions of this deed are now held valid. The conclusion the court has declared upon the aforesaid question of law demands a reversal of the judgment, but appellants' counsel ask not only a reversal of the judgment and order, but insist that judgment be entered in their favor upon the findings; and to this request we feel bound to accede. The findings of fact are complete, covering every necessary phase of the case, and the error committed by the trial court is found in its conclusions of law, one of which is as follows: "That the plaintiffs did not have, nor did either of them have, at the commencement of this action, or at any time since, nor has either of them now, any right, title or interest

in or to the aforesaid parcels of real property hereinbefore referred to in finding first, and in the complaint described, or to any part thereof, by virtue of the instrument designated as a 'deed of trust,' hereinbefore referred to in finding second.'' The aforesaid conclusion of law declared by the court, as evidenced by its opinion rendered at the time, was based upon the conviction that the deed of trust made by Willey to the trustees was subsequently revoked, or merged, or republished by the will of Willey; and whatever effect or vitality it previously had was forever lost by reason of Willey's death leaving a will subsequent to the date or the trust deed, which referred in terms to the provision in that instrument. But by inspection of section 2280 of the Civil Code we find that no revocation or merger occurred. That section provides that a trust cannot be revoked after acceptance ''unless the declaration of trust reserves a power of revocation to the trustor, and in that case the power must be strictly pursued.'' We find in this deed of trust the reservation of power to revoke or modify, but this reservation is limited to a modification or revocation in a certain particular way; that is, it must be done ''by a deed under his hand, recorded by him in the office of the recorder of said city and county of San Francisco.'' The statute declares this power to revoke must be strictly pursued, and any attempt to revoke or modify the terms of this trust deed by will, therefore, must necessarily fail, as being without the reservation of power preserved by the trust deed. The provisions of the deed being valid, and there being no subsequent revocation or modification thereof, it must follow that the instrument passed title to the plaintiffs in this action. For the foregoing reasons, the judgment and order are reversed and the cause remanded to the trial court, with instructions to enter judgment upon the findings in favor of plaintiffs.