[S. F. No. 1234.   In Bank.—May 9, 1901.]

# E. W. CARPENTER et al., Trustees, Appellants, v. E. V. S. COOK et al., Respondents.

TRUSTS CREATED BY DEED TO HOLD FOR USE OF GRANTOR—INVALID-ITY.—Trusts created by a deed to trustees, to hold, during the life-time of the grantor, certain real estate, and all rents, income, profits, and proceeds thereof, and the proceeds of any part of the property sold, or of any property received in exchange, to the use and behoof of the grantor, and to sell and convey, whenever directed by him, to such person or persons as he may direct, are not permitted by section 857 of the Civil Code, and are invalid and void.

ID.—CONSTRUCTION OF CODE—TRUST TO SELL REAL PROPERTY AND APPLY PROCEEDS—IMPERATIVE DUTY.—In order to create a trust, under subdivision 1 of section 857 of the Civil Code, "to sell real property and apply the proceeds in accordance with the instrument creating the trust," an imperative duty must be imposed upon the trustee, by the terms of the trust, both to sell the property and to apply the proceeds by parting with the money obtained by the sale according to directions contained in the instrument.

ID.—TRUST TO RECEIVE RENTS AND PROFITS AND PAY OR APPLY THEM—ACTIVE DUTY—PASSIVE TRUST.—In order to create a trust, under subdivision 3 of section 857 of the Civil Code, "to receive the rents and profits of real property and pay them to or apply them to the use of any person," etc., an active duty must be imposed upon the trustee, to apply, distribute, and apportion the rents and profits in accordance with the directions of the trust; and a mere passive trust to hold them for the use of the trustor is insufficient and void, as not being within the terms of the code.

ID.—VALID TRUSTS FOR "RESIDUE" AVOIDED BY INVALID TRUSTS.—The trusts attempted to be created for the life of the grantor, in the deed of trust, being invalid and void, trusts created in the deed, in reference to the "*residue and remainder*" of the property left at his death, though given for valid purposes, must fall with the prior void purpose, for the reason that the residue is not capable of being ascertained except by the actual execution of the void trusts.

ID.—TRUSTS INTERWOVEN—FAILURE OF TRUST SCHEME.—Where several trusts are so inextricably interwoven and mutually interdependent that the destruction of one mutilates and maims the trust scheme in essential particulars, the whole scheme must fail.

ID.—INVALID PRIMARY TRUST—TRUSTS AND LIMITATIONS OVER.—Where a primary trust is adjudged invalid and void, the trusts and limitations over must fail.

ID.—TRUSTS CREATED BY WILL—JURISDICTION OF COURT IN PROBATE—DISTINCT QUESTION.—The validity of trusts created by the will of

the grantor in the deed of trust, in respect of property of which he died seised or possessed, is a question to be determined by the court in probate, and is not to be considered in determining the distinct question raised in this case as to the validity of the trusts created by the deed of trust in respect of the "residue" of the property remaining at his death.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Mastick, Belcher & Mastick, and W. B. Treadwell, for Appellants.

Timothy J. Lyons, for E. V. S. Cook, Respondent.

Charles W. Slack, for Louisa B. Muirhead, Respondent.

John H. Durst, for Charles Walter Willey, Respondent.

Hart & Cleary, and Donzel Stoney, *amici curiæ*, for affirmance of judgment.

HENSHAW, J. — This action was prosecuted by plaintiffs to quiet, against defendants, their title to certain real estate, plaintiffs claiming the legal title to the estate as trustees, — 1. Under a deed of trust executed by one Amasa P. Willey in his lifetime; and 2. As trustees under the will of said Willey, by the terms of which he devised to them the property in question, upon the trusts declared in a deed of trust exected by him in his lifetime. By its judgment the court decreed, — 1. That the trusts created by the deed of trust were void, and that consequently, under this instrument, the trustees had no title; 2. That whether or not they had title by virtue of the will was a question to be resolved in the first instance by the court in which administration of the estate of Willey was pending. From the judgment thus rendered against them plaintiffs appeal.

Upon this appeal we are concerned solely with the question of the validity or the invalidity of the trusts declared by the deed. Of those trusts, one was to operate during the lifetime of the settlor; the others were to operate upon and after the death of the settlor, upon the "residue" of the trust property remaining at his death. As has been said, by his will the tes-

tator conveyed his property to these same trustees, upon the trusts declared in his deed of trust. The first of those trusts having terminated by his death, the trusts which could be operative under the will necessarily are only those designed to follow thereafter. Whether or not these trusts, even though the deed of trust be void, may still be effective by virtue of their re-enactment in the will, is a question, in the first instance, to be determined by the court in probate (see *Estate of Willey*, 128 Cal. 1), and therefore not the subject of consideration here. We deem it important to say this in emphasis of the fact that upon this appeal the court is dealing only with the question of the validity of the trust scheme created by Willey's deed.

In his lifetime, Willey conveyed all the real estate which he owned or possessed, to these plaintiffs, as trustees, in trust, "for the uses and purposes following; that is to say:—

"First. During the lifetime of the said party of the first part, to hold the same, and all the rents, income, profits, and proceeds thereof, and all property received in exchange therefor, to the sole use and behoof of the said party of the first part; and, whenever directed by the party of the first part, to bargain, sell, convey, assign, transfer, and deliver said property, or any part thereof, to such person or persons as the said party of the first part shall direct, and to hold the proceeds of any such sale, or any property received in exchange therefor, to the sole use and behoof of the said party of the first part;

"Second. Upon and after the death of the said party of the first part, to have, hold, and possess all and singular the residue and remainder of said property and effects, to lease and demise the same, and to receive the rents, income, and profits thereof." Following this is an elaborate trust scheme, unnecessary here to be set out.

Manifestly, the trust declared in the first clause of the deed is a trust designed to continue through the life, and to terminate upon the death, of the settlor. It must be an express trust permitted by section 857 of the Civil Code, or it is void. That section is divided into four subdivisions. Subdivision 2 permits a trust in real property to mortgage or lease it for the benefit of annuitants or other legatees, or for the purpose of settling any charge thereon. Clearly, the trust here created is not referable to this subdivision. Subdivision 4 permits a trust to receive the rents and profits of real property, and to accumu-

late the same for the purposes and within the limits prescribed in title II of the code. This has to do with accumulations during minorities of beneficiaries, and of course the trust in question does not belong to this class. Subdivision 1 permits a trust to sell real property and apply or dispose of the proceeds in accordance with the instrument creating the trust. In such a trust the essential elements are: 1. An imperative duty upon the trustee to sell,—which means a disposition of the property for money; and 2. An equally imperative duty to apply or dispose of the proceeds in accordance with the instrument creating the trust. To apply or dispose of the proceeds is a plain direction and command that the trustee must part with the moneys obtained by the sale. Subdivision 3 permits a trust "to receive the rents and profits of real property, and pay them to or apply them to the use of" a specified person. Here, too, it is of the essence of the trust that there shall be imposed upon the trustee the active duty of applying, distributing, and apportioning the rents and profits in accordance with the directions of the trust. The trust here created is not a trust referable to any one or more of these specified classes. It is a trust, primarily, "to hold" the property, and its rents and income, "to the sole use and behoof of the settlor." A trust to hold property is not a trust to sell and dispose of the proceeds. A trust to hold rents and profits to the sole use and behoof of a person is not a trust to receive rents and profits, and pay them or apply them to the use of any person. It is a mere passive trust. It is a trust not specified by section 857 of the Civil Code, and is therefore void. (*Jarvis* v. *Babcock*, 5 Barb. 139; *Verdin* v. *Slocum*, 71 N. Y. 347; *Hagerty* v. *Hagerty*, 9 Hun, 175.) It cannot be successfully argued that this is a trust under subdivision 3 of section 857. The language of the trust is, to hold the rents, income, and profits of the property, to the sole use and behoof of the party of the first part; not to pay or apply them to his use. The trustees are to do with them as the settlor may direct, and he might direct them to hold and accumulate them in an unlawful manner and to an unlawful extent.

It is equally impossible to find in this language a valid trust, under subdivision 1 of section 857,—first, because, as has been said, it is essential to such a trust that the duty upon the trustees to sell should be imperative. (*Cooke* v. *Platt*, 98 N. Y. 35; *Morffew* v. *San Francisco etc. R. R. Co.*, 107 Cal. 587,

595.) Here no such duty is imposed. The trustee is not to sell at all, either all or any part of the property, unless directed by the settlor, and then he is not alone to sell to such person or persons as the settlor may direct, but he may *exchange* property for other property, as clearly appears from the language, "to hold the proceeds of any such sale, or any property received *in exchange* therefor, to the sole use and behoof of the party of the first part." We think it too plainly apparent to need further exposition, that the trust or trusts attempted to be created in the first clause of this deed are one and all wholly without the purview of section 857 of the Civil Code; and we pass to the consideration of the effect of the invalidity of this life trust upon the trusts to commence upon the death of the settlor.

It is a familiar principle, that if several trusts are so inextricably interwoven, so mutually interdependent, that the destruction of one mutilates and maims in essential particulars the trust scheme, the whole must fall. In this case, the dependence of all succeeding trusts under this deed results—if it results at all—from the language above quoted from the second paragraph: "Upon and after the death of the said party of the first part, to have, hold, and possess all and singular the *residue and remainder of said property*," for certain specified uses and trusts. Here it is apparent that it is only the residue—a legal phrase of well-defined meaning—which, after the settlor's death, is to be devoted to the purposes of the succeeding trusts. In *Limbray* v. *Burr*, 6 Madd. 151, the rule applicable to this case is laid down in the following language: "Where a residue is given to a valid purpose, it will fall with the prior void purpose, if not capable of being ascertained except by the actual execution of that purpose"; and as Jarman expresses it (2 Jarman on Wills, 6th ed., p. 236): "A gift of the residue, after providing for an illegal object, is void." In *Cowen* v. *Rinaldo*, 82 Hun, 479, 31 N. Y. Supp. 555, will be found a learned discussion of the question here arising, and the court concludes: "But we have failed to find any case in which the primary trust has been held to be invalid, and the ulterior trusts or dispositions of the will have been held to be good. . . . The primary objects may still remain, and those that follow may be cut off. But if you cut off the primary object, upon what do the ulterior provisions depend?" In instance of the rule that when

CXXXII. Cal.—40

the primary trust has been adjudged void, the trusts and limitations over have uniformly fallen, may be cited *Rice* v. *Barrett*, 102 N. Y. 161; *Beekman* v. *Bonsor*, 23 N. Y. 298;[1] *Dodge* v. *Pond*, 23 N. Y. 69; *Hone* v. *Van Schaick*, 20 Wend. 564; *Smith* v. *Edwards*, 88 N. Y. 92; *Fowler* v. *Ingersoll*, 127 N. Y. 472.

It follows, therefore (and this language has exclusive application to the trust scheme created and attempted to be set in operation by the deed of trust alone), that the trial court correctly decided that no title vested in the trustees by virtue of the deed of trust, and the judgment appealed from is therefore affirmed.

Van Dyke, J., Harrison, J., Garoutte, J., Temple, J., and Beatty, C. J., concurred.

McFARLAND, J., concurring. — I concur in the judgment and in the opinion of Mr. Justice Henshaw. It is well to notice, however, that in *Estate of Willey*, 128 Cal. 1, the first clause of the deed to Carpenter and Boericke was not attacked on the ground that it attempted to create a trust not permitted by section 857 of the Civil Code. Moreover, in *Estate of Willey*, which dealt entirely with the will, the question whether or not said first clause of the deed was valid was immaterial. The will, of course, did not take effect until after the death of the testator, and the reference, in the will, to the deed embraced only those trusts declared in the deed which became operative after the testator's death; and for the uses and purposes of these latter trusts he devised and bequeathed to Carpenter and Boericke "all the property, real and personal, . . . of which *I may die seised or possessed.*"

Rehearing denied.

[1] 80 Am. Dec. 269.