HENRY C. DuBois, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74363.   Promulgated October 3, 1934.

*E. Perry Campbell, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

OPINION.

MURDOCK: The only question for decision in this case is whether or not the Keystone Foundation, Inc., was operated during 1931 exclusively for charitable purposes within the meaning of section 23 (n) (2) of the Revenue Act of 1928. The petitioner claims that it was and, therefore, his contributions to it are deductible, subject to the 15 percent limitation. But the Commissioner has held that it was not operated exclusively for such purposes and contends that it was operated principally for private purposes which were personal to the petitioner.

The petitioner testified in regard to his reasons for organizing the corporation and his plans for widening the field of its operations. Inability to clearly establish the fact that contributions to it would be deductible under section 23 (n) was his reason for not soliciting funds for the corporation from others. He contends, however, that during 1931 it was operated exclusively for charitable purposes, despite the fact that he contributed practically all of the funds and two of his relatives and an old family employee received most of the benefits from those funds. He said that he chose these three individuals because he knew them and knew that they were worthy of assistance.

If the corporation was operated even partly for purposes that were private or personal to the petitioner the contributions are not deductible. Charitable contributions to be deductible must be for public, as opposed to private, charity, i.e., " free from stain or taint of every consideration that is personal, private, or selfish." Cf. *Gimbel* v. *Commissioner*, 54 Fed. (2d) 780; *Bok* v. *McCaughn*, 42 Fed. (2d) 616; *James Sprunt Benevolent Trust*, 20 B.T.A. 19. Direct gifts by the petitioner to the seven organizations, to which Keystone Foundation, Inc., contributed a total of $310, would have been

deductible by the petitioner, but direct gifts by him to the three individuals to whom or for whose benefit the Keystone Foundation, Inc., paid $2,711.55 would not have been deductible by him. The petitioner dominated and controlled the corporation and its operations. The evidence indicates that it was operated in 1931 partly to permit him to contribute to the three individuals through the corporation in the hope that in this way contributions, otherwise not deductible on his income tax return, would be deductible. This is the view the Commissioner has taken and the evidence relating to the operations for this particular year does not show that he erred. The situation in other years is another matter.

*Decision will be entered for the respondent.*