[S. F. No. 1790.   Department Two. — August 10, 1901.]

C. S. NELLIS, Respondent, v. K. C. RICKARD and MATTIE S. RICKARD, Appellants.

TRUST — PAYMENT OF INCOME TO DAUGHTER FOR LIFE — CONTINGENT TRUSTS — SEPARABLE PROVISIONS. — A deed creating express trusts, intended primarily to secure the payment of the entire income of the trust property to the daughter of the trustor during the period of her life, is valid as to her, and is separable from contingent trusts in favor of her children or grandchildren, to take effect after her death, and no invalidity of the latter trusts can affect the validity of trusts in her favor.

ID. — APPOINTMENT OF DAUGHTER AS TRUSTEE — INCOME FOR LIFE — RESTRAINT UPON ALIENATION. — Though, ordinarily, a *cestui que trust* should not be appointed trustee, yet a beneficiary is not absolutely incapacitated from being a trustee; and the appointment of the daughter as trustee, in the deed of trust from her father, does not invalidate the trust created in the income of the property only, for her benefit, for the term of her natural life; and the restraint put upon alienation by her of the *corpus* of the property during her life was not invalid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. A. A. Sanderson, Judge.

The facts are stated in the opinion.

Page, McCutchen & Eells, Charles P. Eells, and John Garber, for Appellants.

Freeman & Bates, and William H. Chapman, for Respondent.

CHIPMAN, C. — Action to quiet title. Plaintiff had judgment, from which and from the order denying motion for new trial defendants appeal.

Defendant Mattie S. Rickard claims title under deed of trust from her father, Dr. Richard H. McDonald, to her, June 27, 1891. She was at the time the wife of John C. Spencer, and had four children living, and they are still living. She had no other child. These children were born, respectively, on the following dates: November 28, 1879; October 10, 1881; October 15, 1883; March 15, 1885. She was divorced from

Spencer, and married her co-defendant, Kenneth C. Rickard, with whom she is now living. Dr. McDonald was a member of his daughter's household in June, 1891. Plaintiff was a judgment creditor of McDonald, and claims under execution sale and sheriff's deed of date subsequent to 1891. The deed of trust is between Dr. McDonald, party of the first part, and Mattie S. Spencer, party of the second part, and recites that Mrs. Spencer (now Mrs. Rickard) is the grantor's daughter, and that "in consideration of the affection which the party of the first part has for her children, and the trust reposed in her, he does by these presents give, grant, and convey unto the party of the second part [the lands in controversy], to have and to hold all and singular the said premises, together with the appurtenances, unto the said party of the second part, in trust, for the uses and purposes herein set forth, and none other, to wit: to possess, control, and have the income of said property during the natural life of the said party of the second part, and upon her death, then the net income of said property shall belong to her children, share and share alike, except in case of the death of any such child or children leaving issue, then the share otherwise going to such child or children shall go to the issue of such child or children, until the youngest child of the party of the second part arrives at the age of twenty-five years, thereupon the said property shall vest in fee, share and share alike, in said children, and the issue of the aforesaid child or children, if any there be. The said party of the second part, or her aforesaid successors, shall have no power to alienate, encumber, or create a lien on said property, or to lease the same for a term to exceed five years, and the income of said property shall be paid monthly."

To rescue the deed entirely from the operation of the statute against perpetuities, or if this cannot be done, to give it effect to some extent, appellants contend,—1. That the deed conveyed the legal life estate to the grantor's daughter, Mrs. Spencer, free of any trust; and if a trust was created, Mrs. Spencer's interest is severable from the trust for the children, and would not be affected by any invalidity of the latter trust. 2. If the deed created a trust of the remainder after the life estate, it was for the benefit only of children living at the date of the deed, and therefore did not contravene the statute; but even if it included after-born children, it may be construed as limiting its benefits to children in being, and it is the duty of

the court so to construe the deed, if thereby a violation of the statute may be prevented.   3. That no trust was created for the children, but the title vests in them at the mother's death, subject, at most, to certain restrictions on their mode of enjoyment until the youngest shall have arrived at the age of twenty-five years.   4. If the deed attempted to create a trust of the remainder for all the children of Mrs. Spencer, and such trust would be void, still the gift to the children takes effect, and will be upheld, the trust being disregarded; that in no aspect of the deed was any interest or reversion left in McDonald, or acquired under execution sale against him.

It is undoubtedly true, as a general proposition, that where an equitable estate and a legal estate meet in the same person, the former is merged in the latter, if the two estates are commensurate and co-extensive, and if the merger is not contrary to the intention of the parties.   (Lewin on Trusts, *14, *665; Perry on Trusts, secs. 13, 347.)   And, ordinarily, a *cestui que trust* should not be appointed trustee.   But the authorities hold that a *cestui que trust* is not absolutely incapacitated from being a trustee, "as the court itself, under special circumstances, appoints a *cestui que trust* a trustee.   The question is one merely of relative fitness."   (Lewin on Trusts, *665; Perry on Trusts, secs. 59, 297, and cases cited; *Tyler v. Mayre*, 95 Cal. 160, where a trustee was also a beneficiary.)

Respondent contends that there could be no merger in this case, because the beneficiary takes no interest in the estate, and there was no estate to merge, the entire legal and equitable title passing by the deed to the trustee, the beneficiary having only the right to have the trust enforced.   (*In re Walkerly*, 108 Cal. 627.[1])

It is not necessary to decide these questions.   We think a trust was intended to be created, and was created, but it is not a single trust, constituting an indivisible scheme for the disposition of the grantor's property, and incapable of being considered by its several parts.   The deed establishes,—1. A trust for the benefit of Mrs. Spencer, by which she was to have the incomes of the property during her natural life, and the only restraint put upon her related to the disposition of the *corpus* of the estate; there was no restriction whatever as to the incomes, all of which she was to enjoy during her natural

[1] 49 Am. St. Rep. 97, and note.

life. As there was here no restraint on alienation beyond lives in being, the trust, as to her, did not contravene the statute. 2. A further trust was established, by which, at Mrs. Spencer's death, her children, and the issue of such children, were to enjoy the net incomes of the property until a certain period, when the fee was to vest in the survivors. As to this latter trust it is urged by respondent that the alienation was suspended beyond the legal period, and that this trust is not only void, but its invalidity taints the entire instrument, in consequence of which the whole trust must be held void, and that the property was subject to execution, on plaintiff's judgment against the grantor of the trust deed.

If it be true that the trust created by the deed is of such a nature as to make it indivisible, and incapable of being carried out as to that trust which is clearly legal, because of the alleged invalidity of the other trust, and if the other trust is in fact illegal, plaintiff's contention would be sound. But as we think the trusts are severable, it becomes immaterial whether or not the trust as to the children is valid. The children are not made parties; all the parties to the trust are living; the judgment here as to Mrs. Spencer's interest will not affect the rights of the children after her interest ceases. We need not, therefore, determine the children's rights in the event of Mrs. Spencer's death, should they or any of them outlive her.

In *Estate of Hendy*, 118 Cal. 656, the testator left a bequest of five thousand dollars to his niece, Mrs. Green, to be held in trust by his executors for her benefit, and the interest to be paid her monthly, and at her death "the same to be continued to her two children, Harrold and Mildred Green, until they are each twenty-five years of age, when the five thousand dollars shall be paid to them, share and share alike." Mrs. Green petitioned to have the legacy distributed to her absolutely, on the assumption that the trust declared was void for undue suspension of the power of alienation. (Civ. Code, sec. 715.) It was held that the will did not create a single trust, but established,—1. A trust for the benefit of Mrs. Green; and 2. A trust for the benefit of her two children. And it was said: "Harrold and Mildred were in being at the creation of the trust, and are still living and in their minorities. Therefore, whatever conclusion may be reached as to the validity of the trust for the children, it is obvious that there can be no legal

objection advanced against the trust to Mrs. Green. . . . It is
manifest, therefore, that the decree awarding Mrs. Green five
thousand dollars as an absolute legacy must be reversed, since
the trust, as to her, being valid and distinct from that on be-
half of the children, the utmost she would be entitled to receive
in any event would be the income from the fund during her
life.   The future disposition of the principal of the fund would
concern only the children and the residuary legatees."   It is
true that the court proceeded to show that the trust to the
children, also, was valid, and it is hence urged by respondent
that the case is not decisive of the present one.   As we under-
stand the decision, however, there was a clear and distinct ex-
pression of belief that the invalidity of the trust to the children
would make no difference in the conclusion as to Mrs. Green's
rights.   And the court disposed of the other aspect of the case be-
cause the matter was in probate, and seemed to call for a settle-
ment of the children's rights, and not because it had any neces-
sary bearing on the trust as to Mrs. Green.   We are unable to
distinguish between that case and the present one, and, besides,
we are satisfied, upon authority and upon reason, that the
trust as to Mrs. Spencer should be upheld.   Mr. Gray says, in
his Rule against Perpetuities (sec. 341): "When the settlor or
testator has himself separated the contingencies, there is no
difficulty in regarding the gifts separately, and upholding one,
although the other fails.   And the courts naturally, and prop-
erly, lean to construing the gifts separately, when it can be
done."

It was stated as the rule in *Harrison* v. *Harrison*, 36 N. Y.
543, that it is no objection that the limitations, as well those
which are good as the one alleged to be bad, are embraced in
a single trust.   Such trust, created for two purposes,—one law-
ful and the other unlawful,—is good for the lawful purpose,
though void as to the unlawful one.

*Amory* v. *Lord*, 9 N. Y. 403, was referred to and distinguished,
because in that case "the estate in the rents and profits, etc.,
devised for the benefit of the children, and the remainder in
fee to the grandchildren, were so mixed up with and dependent
upon the illegal and void one [the life estate in the surviving
husband or wife], that it was impossible to sustain the one
without giving effect to the other."   That is precisely the dis-
tinction we find in the numerous cases on the subject where
there is apparent conflict.   If the several trusts are not so inter-

dependent as that neither one can be dealt with without giving effect to all the others, the court will sort out the good from the bad, and give effect to the valid trusts.

It was said by the court in *Van Schuyver* v. *Mulford*, 59 N. Y. 426, 432, where previous similar cases were re-examined, that "if the estate was vested, under the will, in a trustee, upon several independent trusts, some of which are legal, while others are in contravention of the statute regulating uses and trusts or the statutes against perpetuities, the estate of the trustee will be upheld to the extent necessary to enable him to execute the valid trusts, and will only be void as to the illegal or invalid trusts."

The rule was thus expressed in *Tiers* v. *Tiers*, 98 N. Y. 568: "The rule is quite well settled, that an ulterior limitation, though invalid, will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety, as well as in the case of a limitation of a legal estate."

That this is the generally accepted rule we think there is no doubt. Looking at the deed before us, what seems to us to be intended as the primary trust is the trust for the benefit of Mrs. Spencer, and the ulterior contingent limitation is easily separable from the primary trust, and is but incidental, its purpose being to provide for a contingency which may never arise, since Mrs. Spencer may outlive all her children, and the failure of the provision as to them would not affect the trust as to her.

The judgment and order should be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.