[Sac. No. 1102. In Bank.—January 6, 1904.]

REBECCA HOFSAS et al., Respondents, v. WILLIAM CUMMINGS, and LEWIS B. CUMMINGS, Appellants.

TRUSTS—VOID TRUST TO CONVEY.—A deed of trust to a son of the trustor, providing for a deed by him to another son of all of the residue of the real property remaining five years after the death of the trustor, and providing that no property or the proceeds thereof shall vest in such other son until the expiration of such period, and until a transfer and delivery thereof to him at the expiration thereof, creates a void trust to convey, under the authority of *Estate of Fair,* 132 Cal. 523.[1]

ID.—VOID TRUSTS OVER.—Trusts over, to the effect that in the event that the beneficiary named shall die before the expiration of the period fixed, without a testamentary disposition by him provided for in the trust, the property shall then vest in the trustee named or his surviving children, though not void *per se,* are absolutely dependent upon the void trust, and cannot be separated therefrom, and must fall with it. [Beatty, C. J., Shaw, J., and Angellotti, J., dissenting.]

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

White & Miller, for Appellants.

The trusts are severable, and William Cummings is entitled to hold the property until the term of the second trust

----

[1] 84 Am. St. Rep. 70.

has expired. This action at law is not maintainable till the trust is terminated. (Perry on Trusts, 5th ed., secs. 847, 917, 928; *Van Campe* v. *Searles,* 147 N. Y. 161; *Johnson* v. *Johnson,* 120 Mass. 465; *Harrigan* v. *Mowry,* 84 Cal. 456, 457; *McDonald* v. *McCoy,* 121 Cal. 71.)

Devlin & Devlin, for Respondents.

The valid and invalid trusts are so blended that they cannot be separated without doing violence to the intention of the testator, and the whole trust must fall. (*Estate of Fair,* 136 Cal. 79; *Carpenter* v. *Cook,* 132 Cal. 621;[1] *Benedict* v. *Webb,* 98 Cal. 460, 466; *Tilden* v. *Green,* 130 N. Y. 29.[2])

HENSHAW, J.—This is an action to quiet title. Plaintiffs claim as grandchildren and heirs at law of Rebecca Cummings, deceased. The defendants are sons of Rebecca Cummings, and deraign title through a deed of trust executed by their mother. The action was commenced after the death of Rebecca Cummings, and was founded upon the view of the plaintiffs that the deed of trust was void. The trial court so held and refused its admission in evidence. From the judgment which followed in favor of plaintiffs the defendants appeal.

The deed of trust was a conveyance to the son, William Cummings, upon certain trusts, which need not here be specified, since they concern the disposition to be made of the property and its income during the life of the trustor, and were executed and terminated upon her death. The third and fourth clauses of the instrument are as follows:—

"3. At the date of my death, one half of said real property, or if at that time said real property has been sold under the authority herein conferred, by said party of the second part, then one half of the proceeds of such real property shall become the property of said party of the second part, and said one half of said property, or the said one half of the proceeds thereof shall be thence released from the trust herein created.

"4. The remainder of said real property, or the proceeds of the same, shall remain subject to the trust herein created, and

---

[1] 84 Am. St. Rep. 118.          [2] 27 Am. St. Rep. 487, and note.

the whole of the income thereof shall be paid to my said son, Lewis B. Cummings, by said party of the second part as soon and as often as the same shall be received by him; at the expiration of five years after my death said party of the second part shall make a deed of said remaining portion of said real property to my said son Lewis B. Cummings, if it is at that time composed of the hereinbefore described real property, or real property of any kind, and if the said hereinbefore described real property has at that time been sold under the authority hereof, then said party of the second part shall transfer to said Lewis B. Cummings the proceeds of the same in whatever form it may be and deliver the possession thereof to him, provided, however, that the title to said property shall not vest in said Lewis B. Cummings until such delivery is made to him in person;

"From the date of my death until said property vests in him as provided for herein said Lewis B. Cummings shall have the right to dispose of said property, and every part thereof, by will, and if at his death (providing he shall die within said period of time) he shall have failed to have disposed of said property by will, then the whole remaining portion of said property shall vest in the said party of the second part and be freed from the trust herein created, and if at that time the said party of the second part be dead, the title to said last-described property shall vest in his children which are then surviving, and said word 'children' shall not be construed to include grandchildren, and the trustee then acting in the place of the said party of the second part shall convey the same to said children absolutely, and said property shall be freed from the trust herein created."

The trial court took the view that the trust to Lewis B. Cummings could not be distinguished from the trust to convey, condemned and declared void in the *Estate of Fair*, 132 Cal. 523,[1] and in this construction we think the court was correct. It is declared as to Lewis B., that the trustees shall "make a deed" to him, and that the title to the property shall not vest in him except as thus provided. There appears to have been thus designedly created a trust to convey, a trust whereby the title to the property should vest, and could only

---

[1] 84 Am. St. Rep. 70.

vest, in Lewis B. upon the execution of the deed, and, in fact, as we read appellants' brief, they declare that an examination of the situation of the parties to the instrument and the surrounding circumstances would show that, because of existing differences between Lewis B. Cummings and his wife, his mother "tried to place him in a position where his interest could not be sold under execution, or where the purchaser under such a sale could not demand of the trustee a conveyance as the successor of his title." But, apart from these extraneous considerations, the instrument itself, as we have said, clearly manifests its intention, and *ex industria* creates a prohibited trust to Lewis B. Cummings.

The trusts over, in the event that Lewis B. should die failing to exercise the power of testamentary disposition, are not obnoxious to the same objection. It is provided by them that upon the contingency arising, the "property shall vest" and "the title shall vest in the other son, or in his surviving children, following which there is a provision that the trustee "shall convey the same to the children absolutely," and the trust shall terminate. The distinction between the trusts over and the trust to Lewis B. is broad and well defined. As to Lewis B., the property and its title cannot vest in him excepting by the conveyance. In the trusts over the title vests absolutely under the terms of the instrument, and the added provision that a conveyance shall be made amounts to nothing more than an assurance of title. In the trusts over, therefore, there are apt words granting and conveying title by the act of the trustor under the instrument itself, while in the case of Lewis B. the only title which he is to receive is from the trustee, and none whatever from the act of the trustor.

But while the trusts over, in the event of Lewis B. Cummings's death, are not obnoxious to our law governing express trusts, yet they are absolutely dependent upon the void trust to Lewis B., and must fall with it. Nor can it be said that the provisions of the other trust to William can be given effect without doing injustice to the intention of the trustor. The whole instrument, therefore, comes under the well-settled rule, that where valid and invalid provisions are so blended that it is impossible to separate them and give effect to the

one without doing violence to the intention of the trustor, the whole trust must fall. (*Carpenter* v. *Cook,* 132 Cal. 621;[1] *Estate of Fair,* 136 Cal. 79.)

For the foregoing reasons the judgment appealed from is affirmed.

McFarland, J., Van Dyke, J., and Lorigan, J., concurred.

We dissent upon the ground that the case is distinguishable from the case of *Estate of Fair,* 136 Cal. 79.

Beatty, C. J., Shaw J., Angellotti, J.

Rehearing denied.