[S. F. No. 3239.    Department One.—May 17, 1905.]

## SACRAMENTO BANK, Appellant, v. CHARLES MONTGOMERY et al., Respondents.

TRUSTS—VOID TRUST TO CONVEY—SEPARATE TRUST TO LEASE AND APPLY INCOME.—A deed, in so far as it creates a trust to convey lands to certain beneficiaries, is void; but the invalidity of such trust does not affect a valid severable trust to lease the real property and to pay the net rentals to a named son of the grantor, so long as he shall live.

ID.—REMAINING ESTATE OF TRUSTOR SUBJECT TO EXECUTION. — The estate remaining in the trustor, subject to the valid trust for the life of his son, is subject to levy and sale under execution against him.

ID.—VALIDITY OF JUDGMENT AGAINST TRUSTOR—COLLATERAL ATTACK—JUDGMENT ROLL.—The judgment against the trustor, under which his interest was sold upon execution, cannot be held void upon collateral attack unless the judgment roll shows that it is void upon its face.

ID.—PUBLICATION OF SUMMONS—DELAY IN FILING AFFIDAVIT—RECITALS IN JUDGMENT—DEFAULT DULY ENTERED.—Where the record shows affirmatively that summons in the action in which such judgment was rendered was regularly served by publication, within three

years, and an affidavit of publication was sworn to within that period, though filed thereafter, and one day before the judgment, the recitals of the judgment, which are inconsistent with such filing after the lapse of three years, and which show that the defendant was regularly served with process, and that his default was duly entered according to law, must be taken as true, and to be based upon other proof, and the judgment cannot be held void upon its face upon collateral attack.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Freeman & Bates, for Appellant.

Seth Mann, and Goodfellow & Eells, for Respondents.

ANGELLOTTI, J.—This is an action to quiet title to certain real property in the city and county of San Francisco in the possession of defendants.

The court found that plaintiff is not and never has been the owner of said lot, or of any interest or estate therein, and gave judgment for defendants. Plaintiff has appealed from the judgment.

Both parties claim under R. H. McDonald, who was the owner of the property on the first day of September, 1891.

The plaintiff claims under an attachment, judgment, and execution sale of the property, in a proceeding against said R. H. McDonald, and the defendants by virtue of a conveyance made by said McDonald, which conveyance antedates plaintiff's attachment and judgment.

Plaintiff claims that said conveyance was void because it attempted to create a trust forbidden by the laws of the state.

Defendant Montgomery, while contending for the validity of the conveyance, further contends that the judgment under which plaintiff claims was void, and that plaintiff derived no title by the execution sale, even if the conveyance by McDonald was void.

The conveyance under which defendants claim purported to grant, bargain, sell and convey the property in question to one Orin F. Miner and his successors in trust "To have and to hold said premises for the following uses and purposes and none other, viz.:

"In trust to lease said premises not exceeding a term of five years, to collect the rents thereof and to pay out of the same all taxes, assessments and charges and retain a reasonable sum for the care and business thereof, and to pay to my son Richard H. McDonald the net rentals so long as he shall . live and upon his death to convey to any child or children hereafter born to him or the issue of a child not living so born to him said property; but in the event he shall not have such child or children, then my trustee shall convey said property to the child or children or the issue of any child not living of my daughter Mrs. Mattie Spencer share and share alike."

Defendant Montgomery is the duly and regularly appointed trustee in place and stead of said Miner, also a defendant, the only other defendant being Richard H. McDonald, Jr., the son of the grantor and a beneficiary under the deed.

So far as this deed purports to create a trust for the conveyance of the property upon the death of the son, it must be held to be void under the decisions of this court. (*Estate of Fair,* 132 Cal. 523;[1] *Estate of Sanford,* 136 Cal. 97; *Estate of Pichoir,* 139 Cal. 682; *Hofsas* v. *Cummings,* 141 Cal. 525; *McCurdy* v. *Otto,* 140 Cal. 48.)

The trust to lease the property, collect the rents, and to pay the net rentals to the son so long as he shall live, is, however, one authorized by the law of this state. (Civ. Code, sec. 857, subds. 2, 3.) The question, then, arises as to whether this valid provision is so interwoven with the invalid one that the invalid provision cannot be eliminated without interfering with and changing the main scheme of the grantor. If not, it will stand (*Estate of Pichoir,* 139 Cal. 682; *Nellis* v. *Rickard,* 133 Cal. 617,[2] and cases there cited), and the estate of the trustee will be upheld to the extent necessary to enable him to execute the valid trust, and will be void only as to the invalid trust.

We think there can be no doubt that the two attempted trusts are severable. It is impossible to distinguish this deed of trust, so far as this question is concerned, from the deed made by the same grantor, considered in *Nellis* v. *Rickard,* 133 Cal. 617,[2] under which there was a valid trust for the benefit of Mrs. Spencer for her life, and an attempted trust for the benefit of her children, after her death, which latter trust was

[1] 84 Am. St. Rep. 70.          [2] 85 Am. St. Rep. 227.

claimed to be void because of suspension of alienation beyond the legal period. This court said in that case: "Looking at the deed before us, what seems to us to be intended as the primary trust is the trust for the benefit of Mrs. Spencer, and the ulterior contingent limitation is easily separable from the primary trust, and is but incidental, its purpose being to provide for a contingency which may never arise, since Mrs. Spencer may outlive all her children, and the failure of the provision as to them would not affect the trust as to her."

The same, in effect, may be said with equal force of the deed here involved.

The case is clearly distinguished from *Estate of Fair,* 132 Cal. 523,[1] and 136 Cal. 79, where it was held that the asserted estate of the trustees for life in the realty, and the trust as to personal property, fell with the trust to convey, because they could not be separated therefrom without destroying the whole scheme of the testator. In *Estate of Pichoir,* 139 Cal. 682, this court, in holding that a trust as to personalty was not so inseparably blended with an invalid trust as to realty as to make it necessary to hold that the trust as to the personalty was also void, fully discussed the Fair case, and the considerations compelling the decision therein. (139 Cal. 686, 688.) What was said by the court in that case and in the opinions in the Fair case show that the court considered that the several trusts in the Fair will were all parts of an exceedingly complicated scheme, so inseparably blended that the settled purpose of the testator would be entirely frustrated were a portion only of the scheme adhered to. All must stand or fall together. In the Fair case reported in 136 Cal. 79 it was said that to hold "that the testator, if he had known that his attempted disposition of the realty was invalid, and that upon his death his vast amount of real property, worth many millions of dollars, would go immediately in fee simple to his children, would have given to them also the income of the personal property, would be to indulge in a most impossible supposition and to violate the settled law on the subject."

No such conditions exist here. As in the case of *Nellis* v. *Rickard,* 133 Cal. 617, the trust for the benefit of the son during his life was a separate independent scheme, apparently

[1] 84 Am. St. Rep. 70.

the primary trust, and the invalid trust but incidental. It was plainly the intention of the grantor that, whatever might ultimately become of the property, his son should have the net income thereof so long as he lived, and we see no good reason why effect cannot be given to such intention.

In *Estate of Sanford,* 136 Cal. 97, 100, the trust for the benefit of the children of the nephew of the decedent until one of said children should attain the age of twenty-five years was held invalid, not because it was inseparably blended with the trust to convey, but because it was merely discretionary. The ruling in *Hofsas* v. *Cummings,* 141 Cal. 525, 528, was as to a trust over, which was absolutely dependent upon a void trust.

Our conclusion on this branch of the case is, that the deed of trust was valid to the extent of the life estate thereby created, and that the estate of the trustee must be upheld to that extent.

The defendants cannot, however, uphold their claim to any greater extent than this. The attempted trust to convey being void, no other estate in the property than that necessary to enable the trustee to execute the valid trust was effectually conveyed by the deed. (See *Estate of Pichoir,* 139 Cal. 688.) Every estate not embraced in the trust, and not otherwise disposed of, is left in the author of the trust or his successors, and could be transferred or devised by him subject to the execution of the trust, and any grantee or devisee would acquire a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 864, 865, 866.)

The author of the trust here, R. H. McDonald, having a legal estate in this property after the execution of the trust deed, the same must have passed to plaintiff under the execution sale of his interest therein, unless such sale was for some reason invalid.

It is claimed that the sale was void for the reason that the judgment against McDonald upon which the execution was issued was void upon its face, the contention as to the invalidity of the judgment being based upon the further contention that it appears upon the face of the record that return upon the summons was not made within three years after the commencement of the action, and that the court was there-

fore without jurisdiction to render the judgment. (Code Civ. Proc., sec. 581, subd. 7.) This is the only point made against the validity of the sale under execution.

The property in question having been attached in the action in which the judgment was given, that of Sacramento Bank *v.* J. M. Burnett, R. H. McDonald, et al., an action to recover money, the summons was served upon McDonald by publication.

Assuming for the purposes of this decision that, under subdivision 7 of section 581 of the Code of Civil Procedure, where service is had by publication, an affidavit showing publication must be filed within three years after the commencement of the action or the court loses jurisdiction to proceed further in the case, we cannot say that the failure to file such an affidavit is shown by the record of the action in question.

Admittedly the judgment in question cannot be held void upon this collateral attack, unless it is void upon its face,— i. e. unless its invalidity is apparent upon an inspection of the judgment-roll.

From this it appears that the action was commenced on September 1, 1894, and that summons was issued on the same day. The record affirmatively shows that the summons was regularly served by publication within three years. There is contained in the record an affidavit showing the mailing of a copy of the summons and complaint within the three years, which was filed within that time,—viz., on December 1, 1896.

The only affidavit showing publication of summons contained in the judgment-roll is one filed after the expiration of three years,—viz., on April 1, 1898. This affidavit was subscribed and sworn to on February 17, 1897, and showed proper publication within the three years.

The record does not contain the original summons. The indorsement of the clerk upon the complaint shows that the default of McDonald for not answering was entered April 1, 1898.

Judgment was given April 2, 1898, and it was recited therein as follows, viz.: "In this cause the defendant R. H. McDonald having been regularly served with process, and having failed to appear and answer the plaintiff's complaint as amended, the time allowed by law for answering having expired *and the default of said defendant R. H. McDonald*

*having been regularly entered according to law,* and the court having ordered judgment entered in favor of plaintiff and against the defendant R. H. McDonald,'' etc.

The affidavit of publication of summons filed after the expiration of three years constitutes a part of the record, and if this were the only evidence as to the time of the filing of any such affidavit, defendants' contention that it is apparent from an inspection of the record that no affidavit was filed within three years of the commencement of the action would be well made. But such affidavit is not the only evidence upon this subject. The jurisdictional recitals in the judgment also constitute a part of the record, and it is there solemnly declared that the default of the defendant R. H. McDonald has been regularly entered according to law. Assuming here the soundness of defendants' argument to the effect that the court lost all jurisdiction of the case if an affidavit of publication was not filed within the three years, this recital could not be true if no affidavit had been filed prior to the one contained in the record. The whole record must be construed together, and the jurisdictional recitals in the judgment must be taken on collateral attack as true, unless the record affirmatively shows that the facts upon which they are based are insufficient to sustain them. The remainder of the record here does not show this. It does not appear that the recital that default was regularly entered according to law was at all based upon the affidavit contained in the record. For aught that appears, it may have been made to appear to the court in that action that another affidavit showing due publication was filed within the proper time, and the recital may have been based upon that fact. Such affidavit may have been lost or omitted from the record. Such a condition of affairs is entirely consistent with the whole record before us, and in support of the judgment must be assumed to have existed. To hold otherwise would be to make the record in part speak falsely.

Defendants say that while, where the record is silent as to what was done, it will be presumed in favor of the judgment that what ought to have been done was not only done, but rightly done, yet when the record shows what was done, it will not be presumed that something different was done. This statement is undoubtedly true, and is supported by a wealth

of authority. But it has no application where the record does
not purport to show *all* that was done, and the judgment
states that all that was necessary to be done was done. This
matter was very clearly discussed by this court in *Hahn* v.
*Kelly,* 34 Cal. 391,[1] and so far as the particular question here
involved is concerned, the views there announced have never
been departed from. It was said therein (p. 407) :—

"To avoid any misapprehension, we deem it proper to add
that, so far we have assumed, for the purposes of the argu-
ment, that the record, aside from that portion of it which is
denominated the proof of service, is silent upon the question
of service. But it may happen that other portions of the
record may also speak upon that question. If so, what they
say is not to be disregarded. On the contrary, in determin-
ing the question whether a want of jurisdiction is apparent
upon the face of the record, we must look to the whole of it
and report the responses of all its parts. To illustrate: Sup-
pose that portion of the judgment-roll denominated the 'affi-
davit or proof of service' shows that personal service was
made upon the son of defendant, and the remainder of the
roll says nothing about service. We then have a want of
jurisdiction appearing upon the face of the record. But sup-
pose the judgment states that the defendant appeared, or
that personal service was made upon him, or something else
that is equivalent, as it frequently does, the opposite result
follows, for the record cannot lie, and it appears that the
father as well as the son had been served, which may well
have been the case. The record in such a case does not blow
hot and cold, as might be supposed; on the contrary, both acts
may have been done. On presentation of the return of ser-
vice upon the son, the court may have declared it no service,
and service upon the father may have been subsequently
made, and the wrong return may have found its way into
the judgment-roll. To hold thus would be consistent with the
record, while to hold otherwise would be to contradict the
judgment.

"So in the case of a service by publication if the affidavit
of the printer states that the summons was published one
month, and yet the court in its judgment states that it was
published three, or that service has been had upon the defend-

---

[1] 74 Am. Dec. 742, and note.

ant, it will be presumed that other proof than that contained in the judgment-roll was made, for not to so presume would be to deny to the record that absolute verity which must be accorded to it.   Thus limited or understood, the point made by counsel for appellant is doubtless well made."

(See, also, *Quivey* v. *Porter,* 37 Cal. 458; *Vassault* v. *Austin,* 36 Cal. 691, 695, *Reily* v. *Lancaster,* 39 Cal. 354, 355; *People* v. *Harrison,* 84 Cal. 607, 609; *Whitney* v. *Daggett,* 108 Cal. 232.)

In *Belcher* v. *Chambers,* 53 Cal. 635, the judgment considered was a personal judgment against a non-resident, without personal service of process, and without attachment proceedings against property of the judgment debtor situated in this state.   The court there simply held that upon a question which might be re-examined by the supreme court of the United States on writ of error, it would follow the rule of law laid down by that tribunal, and did not purport to overrule *Hahn* v. *Kelly,* 34 Cal. 391,[1] as to any matters not so reviewable by the court.   (See *In re Newman,* 75 Cal. 213, 220.[2])   *Latta* v. *Tutton,* 122 Cal. 279,[3] relied upon by defendants, involved the question as to the validity of a deficiency judgment on foreclosure proceedings, wherein the judgment-roll showed affirmatively only service of summons by publication in a case, where, to authorize personal judgment for any deficiency, personal service was essential.   The judgment of foreclosure contained recitals that the defendants had been duly and regularly summoned, and that their defaults had been duly and regularly entered.   Service by publication was all that was essential to the jurisdiction of the court to adjudge a foreclosure of the lien, and it was held that the recitals in the judgment applied as well to service by publication as to personal service, and the recital must be presumed to refer to such service as the record affirmatively disclosed.   So construed, the whole record was consistent, and sufficient to support a judgment,—viz., the judgment of foreclosure,—but not sufficient to authorize the clerk to enter a deficiency judgment.   As applied to this case, the utmost that can be claimed is that under it the recitals as to service here, applied as well to service by publication as to personal ser-

---

[1] 74 Am. Dec. 742, and note.          [3] 68 Am. St. Rep. 30.

[2] 7 Am. St. Rep. 146.

CXLVI. Cal.—48

vice, and will therefore be presumed to refer to such service as the record affirmatively shows, not being inconsistent therewith. But the recital here as to the default of McDonald having been duly entered is not consistent with the fact that an affidavit of publication of summons was not filed until after the expiration of the three years, and cannot therefore be held applicable to the showing made by the affidavit contained in the record. The case of *Latta* v. *Tutton,* 122 Cal. 279,[1] is not in point here.

We are of the opinion that the judgment in question is not void upon its face, and that the execution sale thereunder conveyed to plaintiff such interest as the judgment debtor then had in the property in question,—viz., such estate therein as was not conveyed by the trust deed.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Shaw, J., and Van Dyke, J., concurred.