[Civ. No. 13132.   Second Dist., Div. Two.—June 25, 1941.]

Estate of W. P. GARDINER, Deceased.   MINNIE GARDINER KANDJOUNZEFF, Appellant, v. IRA O. GARDINER, as Trustee, etc., et al., Respondents.

Kenyon F. Lee for Appellant.

Lewis T. Gardiner and Elliott H. Pentz, *in pro. per.*, and Heller, Ehrman, White & McAuliffe for Respondents.

MOORE, P. J.—W. P. Gardiner being deceased, his will was admitted to probate in the Superior Court of Los Angeles County on May 12, 1900. Having bequeathed his property to a trustee to hold in trust for the use and benefit of his three children, towit, the petitioner and respondents herein, the decree of distribution was entered January 3, 1902. Following the terms of the will, the decree distributed the residue of the estate in trust with directions that the trustee divide between the three children and the survivors of them the income of the trust estate during the lifetime of the children, share and share alike; upon the death of any one or two of the children without issue, the survivors shall receive the income during their lives provided that the issue of any one of the three who might have deceased before the expiration of the trust, shall receive such income as would have been payable to his parent so long as any one of the three children shall remain alive; but the multiple issue of such deceased child shall receive share and share alike such income as would otherwise have been payable to their parent.

But it is provided, notwithstanding, that said property shall remain in trust vested in said trustee and his successors subject only to the payments provided for so long as one of the said three children shall remain alive. During each year each child shall receive annually his or her proportionate share of the income for that year only. It further provided:

"Fifth: Upon the death of the last surviving one of the said three children of said deceased said trustee or his successors in said trust shall forthwith transfer all of the property then remaining in trust to the then surviving issue of

the said three children in manner following, that is to say, the same shall be divided in families, the issue of each child taking the same amount as the issue of any other child.''

Pursuant to the decree of distribution the trustee named in the decree and his successors have continued to manage and administer the estate. On the 23rd day of February, 1940, the petitioner filed her motion to set aside and vacate the order for distribution, filed just 38 years before, upon the grounds: (1) that it created a trust to convey real property after the death of the testator's children and is invalid by virtue of the provisions of sections 847 and 857 of the Civil Code, as declared by the Supreme Court in the *Estate of Fair*, 132 Cal. 523 [60 Pac. 442, 64 Pac. 1000, 84 Am. St. Rep. 70]. It was there decided that the language of the will invalidated the trust sought to be created because none of the purposes for which express trusts might have been created under section 857 of the Civil Code included a trust to convey real property; (2) that the decree of distribution was and is in excess of the jurisdiction of the superior court ''and is void on its face in that this court had no jurisdiction to create by its decree a trust to convey real property on or about January 3, 1902.''

In her appeal from the order denying the motion, petitioner presents the same two propositions as grounds for reversal. In view of our conclusion as to the finality of the decree of distribution, it will be unnecessary to discuss the merits of the trust created. We confine our comments to the asserted nullity of the decree, as stated in the second ground of attack.

Appellant is beset by an inordinate array of sound legal principles indistinguishably applied. She has confused the duty of the court with the power of the court. She has permitted her aversion for a judgment entered contrary to substantive law to obscure the ubiquitously accepted concept of the power of a court to enter a conclusive decree even though it mocks a provision of express law.

■ Where a statute specifically inhibits an act, it is error for the court to do the thing prohibited. But, if the Constitution has conferred upon a court the power to deal with the subject matter and if jurisdiction over the parties has been acquired pursuant to the exercise of due process, its judgment is valid and it is conclusive, however erroneous, unless reversed on appeal. In such event it is invalid only. ■ A

decree is void if the court be destitute of jurisdiction, otherwise it is valid and final unless by reason of material error in the application of substantive law it be reversed. Jurisdiction is the power to hear and determine and is not in the least dependent upon the ability of the judge to reason correctly or to act incorruptibly. If the court, in the exercise of its jurisdiction enters a decree affecting property rights contrary to statute, the court is guilty of error of judgment. Neither does such error render void the decree nor does the fact that the error may appear upon the face of the judgment itself indicate its nullity. An erroneous decree which is not void on its face is forever binding and conclusive upon the parties named, upon the status defined, or upon the property described, unless upon motion seasonably made it be vacated or upon appeal it be reversed.

At times the primary function of the trial court is to determine questions of fact. Even though such findings be utterly contrary to the evidence, the decree is not for that reason void. Similarly the court's defiance or ignorance of an express statute or of the decisions of the courts of last resort does not render its judgment a nullity. The composition of a judgment is derived from an attempt to apply the law to the facts in question. If the court decides the law and the facts both wrong, or the facts right and the law wrong, or the law right and the facts wholly wrong, it is still a final judgment if the time for appeal elapses. The fact that a court shall decide erroneously does not affect the validity or the finality of a judgment any more than to decide correctly. The duty of the court in every controversy or proceeding is to decide right. Such duty implies that the court may decide wrong. Its jurisdiction is not defeated or limited by a wrong decision. To say that its judgment is final when right and interlocutory when wrong would open to attack the myriad of erroneous decrees that have confirmed the fallibility of man since Coke struck the royal shackles from the hands of a cringing judiciary. It would provide an orgy for the prurient army of litigious to the detriment of the peace, security and contentment of society. Therefore, in view of the nature of the superior court, of its constitutional founding and of its traditional authority to render conclusive judgments, no doubt remains of its power, sitting in probate, conclusively to de-

termine all questions of law and of fact which are ancillary
to a proper judgment in the case, subject only to the orders
of an appellate court.   (See *Gray* v. *Hall*, 203 Cal. 306 [265
Pac. 246] ; *Fauntleroy* v. *Lum*, 210 U. S. 230, 234 [28 Sup.
Ct. 641, 52 L. Ed. 1039] ; *Estate of Ingram*, 104 Cal. App. 1,
9, 10 [285 Pac. 365] ; *Warren* v. *Ellis*, 39 Cal. App. 542 [179
Pac. 544] ; *Keating* v. *Smith*, 154 Cal. 186 [97 Pac. 300] ; *Crew*
v. *Pratt*, 119 Cal. 139 [51 Pac. 38] ; *In re Trescony*, 119 Cal.
568 [51 Pac. 951].)

The principle is exemplified in the reversal of an order va-
cating the appointment of a guardian made more than six
months after the appointment for the reason that the origi-
nal order was not void on its face because it was contrary to
the allegations of the petition or because the court erroneously
deprived a mother of her maternal rights.   (*In re Morehouse*,
176 Cal. 634 [169 Pac. 365].)   Where a decree of distribution
awarded community property as the separate property of the
decedent wife and was an appropriate order of the probate
court, in the absence of an appeal the decree became final
and could be corrected only by motion for a new trial or on
appeal.   (*O'Brien* v. *Nelson*, 164 Cal. 573, 574 [129 Pac.
985].)   Where a decree of distribution, in compliance with
the terms of the will of deceased, awarded the property of
decedent contrary to the prohibition of section 1313 of the
Civil Code, which forbade a charitable bequest less than thirty
days prior to the decease of the testator, a suit instituted for
the purpose of declaring void that provision of the decree
failed because the decree of distribution was valid although
vulnerable.   (*McGavin* v. *San Francisco etc. Society*, 34 Cal.
App. 168 [167 Pac. 182].)

▆   The will of the trustor cannot be invoked in support
of the theory that the judgment is void.   While the will is a
part of the evidence upon which the decree is based, it be-
comes merged in the decree which itself becomes the measure
of the rights of the beneficiaries and the law of the estate.
(*In the Matter of Trescony, supra.*)   The decree, therefore, is
conclusive against collateral attack even though it is in con-
travention of the terms of the will.   It follows that the will
cannot be used to impeach the decree.   ▆   Although a pro-
vision in a will may have been invalid, a decree distributing
the estate in accordance therewith is conclusive when final.
(11B Cal. Jur. 796.)

In view of the foregoing, it will be unnecessary to discuss the arguments of appellant on behalf of the nullity of the decree under consideration by the application of the rule set forth in the *Estate of Fair, supra.* ■ Even though the decree of distribution were not final, the termination of the administration of the trust estate during the lifetime of the three named beneficiaries would be of doubtful legality. The fact that decedent's will provided that the trustee, upon the death of the last survivor of the three beneficiaries, should forthwith transfer all of the balance of the trust estate to the surviving issue of the three children, does not impair the will itself insofar as it creates a trust during the lives of the three named beneficiaries. The trust vested the estate in the trustee under orders to pay its income to the testator's children. It is an independent scheme separate from the provision requiring the trustee to transfer the residuary *corpus* to the issue of the children. To divide the income of the trust estate among the three children is the primary trust. The provision for the trustee to transfer the residue to the testator's unborn grandchildren is incidental. (*Sacramento Bank v. Montgomery,* 146 Cal. 745 [81 Pac. 138]; *Nellis v. Rickard,* 133 Cal. 617 [66 Pac. 32, 85 Am. St. Rep. 227].) It is separable from the primary trust whose purpose was to secure the trustor's own children from economic want during their lives. To maintain the estate intact during the lives of the children and to divide its income among them were the principal and plain intentions of the testator and should not be defeated by separable provisions. (*Sacramento Bank v. Montgomery, supra.*) If it should be determined at the proper time that the provision for the trustee to transfer the *corpus* of the trust estate to the issue of the three beneficiaries is void, it would then be time enough for the court to terminate the trust and permit the legal heirs to come into their own. ■ The construction of a will must be favorable to testacy if it reasonably admits of such construction. (*Estate of Spreckels,* 162 Cal. 559, 561 [123 Pac. 371]; *Estate of Dunphy,* 147 Cal. 95 [81 Pac. 315].)

The order is affirmed.

Wood, J., and McComb, J., concurred.