[No. B179103. Second Dist., Div. Eight. Mar. 13, 2006.]

PHILLIP C. SANDERS, Plaintiff and Appellant, v.
MICHAEL YARBOROUGH et al., Defendants and Respondents.

**COUNSEL**

Phillip C. Sanders, in pro. per., for Plaintiff and Appellant.

Bill Lockyer, Attorney General, James M. Humes, Chief Assistant Attorney General, Frances T. Grunder, Assistant Attorney General, Darrell Lepkowsky and G. Michael German, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**FLIER, J.**—This is an action brought by a prisoner incarcerated in a California state prison, appellant Phillip C. Sanders. The trial court struck the complaint and dismissed the action because Sanders failed to pay the full amount of the filing fees required by law. We reverse with directions.

## FACTUAL BACKGROUND AND STATUTORY FRAMEWORK

Sanders's action was filed on June 5, 2003. The action named three employees of the California Department of Corrections as defendants (hereafter respondents) and alleged that Sanders's civil rights were violated on

May 3, 2003, when he was subjected to a race-based lockdown at the California State Prison in Los Angeles county.

Contemporaneously with the filing of the complaint, Sanders applied for and was granted a waiver of waiver of fees and costs under rule 985 of the California Rules of Court. While the record does not contain Sanders's application, the record contains a printed form that states: "IT IS ORDERED that the application is granted in whole. [¶] . . . **No payments.** Payment of all the fees and costs listed in California Rules of Court, rule 985(i), is waived." The order is dated June 5, 2003, and is signed by a commissioner.

A person incarcerated in state prison is not entitled to a waiver of fees and costs. (See *post* at pp. 767–768.) The Government Code makes provisions for a reduction of fees for prison inmates, but these provisions were not followed when Sanders's action was filed. We detail these provisions in the text immediately following. It was only in October 2004, when respondents moved to dismiss Sanders's action for his failure to comply with these provisions, that this defect was called to the trial court's attention.

■ Government Code section 68511.3[1] governs proceedings in forma pauperis. Subdivision (a) of section 68511.3 requires the Judicial Council to formulate and adopt uniform forms and procedures for litigants proceeding in forma pauperis and sets forth the criteria to be followed by the Judicial Council. As an example, subdivision (a)(6)(B) of section 68511.3 provides that permission to proceed in forma pauperis shall be granted to litigants whose monthly income is 125 percent or less of the current monthly poverty line established by the Secretary of Health and Human Services.

■ Subdivision (e) of section 68511.3 creates a special regime for prison inmates who seek permission to proceed in forma pauperis. Subdivision (e) commences with requiring prison inmates to pay the full amount of filing fees, i.e., it initially divests such persons of the right to proceed in forma pauperis. We set forth the first paragraph of subdivision (e) in the margin.[2]

■ After laying down the ground rule that prison inmates are to pay full filing fees, section 68511.3, subdivision (e) provides for a mechanism that calibrates the fees to be paid to the inmate's financial ability to pay fees. Thus, as a first step, subdivision (e)(1) requires the inmate to file, in addition to the

---

[1] All subsequent code citations are to the Government Code unless otherwise stated.

[2] "(e) Notwithstanding subdivision (a), a person who is sentenced to imprisonment in a state prison or confined in a county jail and, during the period of imprisonment or confinement, files a civil action or notice of appeal of a civil action in forma pauperis shall be required to pay the full amount of the filing fee to the extent provided in this subdivision." (§ 68511.3, subd. (e).)

usual in forma pauperis forms, a copy of a statement of account: "In addition to the form required by this section for filing in forma pauperis, an inmate shall file a copy of a statement of account for any sums due to the inmate for the six-month period immediately preceding the filing of the civil action or notice of appeal of a civil action. This copy shall be certified by the appropriate official of the Department of Corrections or a county jail."

 Subdivision (e) of section 68511.3 goes on to provide for the calculation of fees that is predicated on the inmates statement of account.[3] Subdivision (e) closes by providing that in no event shall an inmate be prohibited from bringing a civil action or appeal of a civil action solely because the inmate has no assets and no means to pay the initial partial filing fee. (§ 68511.3, subd. (e)(5).)

In addition to the provisions of the Government Code, Penal Code section 2601, subdivision (d) requires the collection of a "filing fee" of $3 by the Department of Corrections.

On October 1, 2004,[4] respondents filed a motion to strike the complaint and to dismiss the action on the ground that the court lacked jurisdiction. The motion contended that the court lacked jurisdiction because Sanders failed to comply with the provisions of the Government and Penal Codes set forth above, which regulate the matter of fees to be paid by prison inmates. The motion relied on authorities that state that noncompliance with filing fee statutes divests a court of subject matter jurisdiction, e.g., *Davis v. Superior Court* (1921) 184 Cal. 691, 693–695 [195 P. 390].

In opposing respondents' motion to dismiss, Sanders submitted a certified copy of a trust account statement for the period of November 1, 1995, to November 29, 2004, that showed a zero balance as of the closing date.

---

[3] "(2) Upon filing the civil action or notice of appeal of a civil action, the court shall assess, and when funds exist, collect, as a partial payment of any required court fees, an initial partial filing fee of 20 percent of the greater of one of the following: [¶] (A) The average monthly deposits to the inmate's account. [¶] (B) The average monthly balance in the inmate's account for the six-month period immediately preceding the filing of the civil action or notice of appeal. [¶] (3) After payment of the initial partial filing fee, the inmate shall be required to make monthly payments of 20 percent of the preceding month's income credited to the inmate's account. The Department of Corrections shall forward payments from this account to the clerk of the court each time the amount in the account exceeds ten dollars ($10) until the filing fees are paid." (§ 68511.3, subd. (e)(2) & (3).)

[4] During the 17 months that elapsed between the time the action was commenced and this motion was brought, Sanders engaged in inappropriate and unlawful litigation tactics, such as applying for the entry of a default even though respondents filed a timely answer to the complaint.

## THE TRIAL COURT'S ORDER

The trial court agreed with respondents that the action had to be dismissed because noncompliance with the filing fee statutes divested it of jurisdiction. The minute order went on to state: "However, the court notes that Plaintiffs [*sic*—respondents] have waited a year before challenging jurisdiction. Therefore, equitable tolling provisions may apply to any future arguments regarding the statute of limitations."

## DISCUSSION

There are four reasons why we do not agree with the trial court, and respondents, that in this case the court lacks subject matter jurisdiction because of noncompliance with filing fee statutes.

First, we begin with the fact that on June 5, 2003, the court entered an order that waived all fees and costs listed in rule 985(i) of the California Rules of Court. In view of the provisions of subdivision (e) of section 68511.3 (see fn. 2, *ante*), this order waiving fees was in error. However, until this order is set aside, this is an order of the court that is binding. Errors of law, particularly errors in procedure, do not affect the power of the court in a jurisdictional sense, with the result that an order of the court is binding, even if it is erroneous. (*Estate of Gardiner* (1941) 45 Cal.App.2d 559, 563 [114 P.2d 643]; see generally 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, §§ 281, 284.) Accordingly, on October 1, 2004, when respondents filed their motion to dismiss, there was an order of record that waived Sanders's fees and costs. Thus, as of October 1, 2004, there were no fee-filing statutes with which Sanders had to comply. In fact, this continues to be true even during this appeal, since the trial court did not set aside or vacate the order of June 5, 2003. (See *post* at pp. 770–771.)[5] The court's order of June 5, 2003, erroneous as it is, relieves Sanders of the obligation to pay fees and costs.

The trial court's minute order granting respondents' motion notes that the order of June 5, 2003, waived fees and costs. The trial court erred in not taking account of the fact that, until this order is set aside, this is a binding order, even though it is erroneous.

---

[5] The anomalous result of this is that the action has been dismissed on the ground that Sanders has not paid the fees, which were waived by the order of June 5, 2003.

Second, it is incorrect to view subdivision (e) of section 68511.3 as simply a statute that calls for the payment of filing fees. Subdivision (e) establishes a procedure by which the court determines the amount of fees that a prison inmate must pay. The procedure commences with the filing by the inmate of a certified statement of his account. The trial court found that Sanders failed to take this first necessary step. Thus, Sanders is being penalized not for failing to pay fees, but for having initially failed to take the necessary first step in the process of determining what fees are due under subdivision (e)(1) of section 68511.3. (As noted, Sanders has since attempted to comply by filing a certified statement of account.)

Third, the trial court did not have the authority to terminate this action because Sanders failed to file a certified statement of account. Neither section 68511.3 nor any other provision of law authorizes a dismissal of a civil action filed by an inmate for failure to file a certified statement of account. (We note the Legislature's statement of intent in subdivision (e)(5) of section 68511.3 that an inmate's right to file a civil action is not to be denied if he or she has no assets to pay fees; the right of access to the courts is not to be curtailed over the matter of fees.) The sanction for a failure to file a statement of account is to require a payment of the full amount of the fees under the first paragraph of subdivision (e). (See fn. 2, *ante.*) This sanction is also the remedy, for it is very likely that confronted with the need to pay the full fees, the inmate will submit a certified statement of his or her account.

Fourth, there is no reason in this case why Sanders should not be permitted to file a certified statement of account and, with this document in hand, why the trial court should not commence the process of determining the fees that are due under subdivision (e) of section 68511.3. Respondents' theory that the trial court did not have jurisdiction because Sanders did not pay fees and costs, and that because of this lack of jurisdiction the statement of account cannot be filed, is in error. As we have noted, Sanders was relieved by the trial court's order of the obligation to pay fees and costs. Thus, the trial court had jurisdiction over this case throughout the period that preceded the dismissal that led to this appeal.

## DISPOSITION

The order striking the complaint and dismissing the action is reversed. The case is remanded with directions: (1) to vacate and set aside the order of June 5, 2003, waiving fees and costs; (2) to file a current certified statement of account submitted by Sanders; and (3) to determine the matter of fees in accordance with the provisions of section 68511.3, subdivision (e). The parties are to bear their own costs in this appeal.

Cooper, P. J., and Rubin, J., concurred.